UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RUSSELL ROUZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00072-JPH-MJD |
| | ) | |
| WEXFORD MEDICAL SOURCE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY SCREENING COMPLAINT AND
## DIRECTING ISSUANCE OF PROCESS

Russell Rouzier, an inmate at Putnamville Correctional Facility (PCF), has filed a

complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants denied him necessary medical

care. Because Mr. Rouzier is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an

obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

## I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous

or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. In determining whether the complaint states a claim, the Court applies

the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Rouzier's *pro se* pleadings are construed liberally

and held to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g., Abu-*

1

*Shawish v. United States*, 898 F.3d 726, 737 (7th Cir. 2018) ("And because Abu-Shawish was proceeding *pro se*, the district court should have construed his petition liberally.").

## II. The Complaint

Mr. Rouzier asserts claims for damages and injunctive relief against thirteen defendants, plus unnamed "John Doe" defendants. Plaintiff attached exhibits to his complaint. While the Court may consider documents attached to a complaint, it is Plaintiff's burden to plead a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Here, the exhibits are voluminous, difficult to decipher, and not clearly referred to in support of specific paragraphs of the complaint. Therefore, it would impose an unjustified burden on the Court to review the exhibits in these circumstances. The Court will not sift through these documents and try to discern their potential relevance at the pleading stage. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

Mr. Rouzier has been incarcerated since his arrest in 2015. He entered prison with both HIV and glaucoma.

Since Mr. Rouzier entered prison, he has been deprived of necessary medical care for glaucoma. At one point, it took over nine months for Mr. Rouzier to be examined by an eye doctor. Then, it took several months for Mr. Rouzier to receive eye drops that the doctor prescribed. When he has been provided with the eye drops, they have not always been reordered, leading to more months-long periods without eye drops.

At the beginning of Mr. Rouzier's incarceration, several months passed before he saw a doctor or received medication to control his HIV. Eventually, he received medication that he took for two-and-a-half years under the supervision of Drs. Finote and Spanenberg. In July 2018,

Dr. Elliott, an HIV specialist, told Mr. Rouzier that his medications were damaging his kidneys. She referred Mr. Rouzier to a nephrologist, but Dr. Mitcheff denied the referral.

Eventually, Mr. Rouzier saw a nephrologist in February 2019. The nephrologist called for a follow-up appointment and testing in six months. Mr. Rouzier has not been back to the nephrologist or received that testing, despite the nephrologist's instructions and requests from Dr. Elliott. When Mr. Rouzier asked why he was not being seen by a nephrologist, Dr. Perez and Ryan Scharr told Mr. Rouzier that they did not see why he needed a follow up.

### III. Discussion of Claims

Mr. Rouzier's claim that he was denied necessary treatment for his kidneys **will proceed** against Dr. Mitcheff, Dr. Perez, and Ryan Schnarr as a claim that these defendants were deliberately indifferent to Mr. Rouzier's serious need for medical treatment. This claim **will also proceed** against Wexford Health Sources, Inc., based on the theory that these defendants violated Mr. Rouzier's rights pursuant to a Wexford policy, practice, or custom.

Claims based on Mr. Rouzier's unmet need for glaucoma treatment are **dismissed** for **failure to state a claim** upon which relief may be granted. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* The complaint alleges repeated delays in sending Mr. Rouzier to an eye doctor and providing him with essential medication, but it does not state who was involved in or responsible for those violations. *See* dkt. 1 at ¶¶ 12, 21.

Claims based on delays in providing HIV treatment and medication are **dismissed** as **untimely**. "Although untimeliness is an affirmative defense, a complaint can be dismissed sua

sponte if a valid affirmative defense is so plain from the face of the complaint that the suit is frivolous." *Baldwin v. Raemisch*, 7888 F. App'x 390, 392 (7th Cir. 2019) (citing *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016)). Claims brought under § 1983 "borrow the limitations period and tolling rules applicable to personal-injury claims under state law." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). "The pertinent Indiana Statute of limitations is two years." *Id.* (citing Ind. Code § 34–11–2–4).

The latest allegation in the complaint regarding treatment for HIV is that Mr. Rouzier first saw an HIV specialist in July 2018. Dkt. 1 at ¶¶ 13, 14. All later allegations concern treatment for Mr. Rouzier's kidneys. The complaint does not allege that any defendant was deliberately indifferent to Mr. Rouzier's HIV during the two-year limitation period leading up to the filing of his complaint on February 1, 2021.

Any claim based on the theory that Drs. Finote and Spanenberg medicated Mr. Rouzier in a manner that was deliberately indifferent to the risk of kidney damage is also **dismissed** as **untimely**. The complaint alleges that Dr. Elliott alerted Mr. Rouzier to his kidney damage in July 2018, more than two years before he initiated this action.

Any claim based on the Health Insurance Portability and Accountability Act (HIPAA) is **dismissed** for **failure to state a claim** upon which relief may be granted. "HIPAA prohibits the disclosure of medical records without the patient's consent." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Even so, "HIPAA confers no private right of action." *Id.* "Congress left enforcement for violations to the Department of Health and Human Services, not to private plaintiffs." *Id.*

Claims against John Doe defendants are **dismissed** for **failure to state** a claim upon which relief can be granted. "[I]t is pointless to include [an] anonymous defendant [] in federal court; this

type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Claims against Wardens Brian Smith and Dushan Zatecky and former Attorney General Curtis Hill are **dismissed** for **failure to state a claim** upon which relief may be granted. "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The complaint does not allege that these defendants were directly involved in or responsible for Mr. Rouzier's medical care. To the extent the complaint alleges that these defendants received complaints from Mr. Rouzier and others about his insufficient medical care, it also states that Mr. Rouzier has been receiving medical care since 2018. "Non-medical defendants . . . can rely on the expertise of medical personnel." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). The Seventh Circuit has made clear that, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.*

Claims against Nurse Susan Smoother, Nurse Taylor Forquer, Nurse Practitioner Cheryl Petty, Dr. Cunningham, Dr. Ahmad, and Dr. Ryane Schndrt are **dismissed** for **failure to state a claim** upon which relief may be granted. The only claim proceeding in the action is that Mr. Rouzier has been denied treatment for his kidney ailment. The complaint does not allege that any of these defendants was personally involved in or responsible for providing that treatment. *See* dkt. 1 at ¶¶ 13–14. Indeed, to the extent the complaint asserts any allegations at all against these defendants, they are generic allegations about the defendant's job duties. A complaint must describe "the claim in sufficient detail to give the defendant fair notice of what the claim is and the

grounds upon which it rests." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601 (7th Cir. 2016). The complaint does not meet this standard with respect to these defendants.

### IV. Issuance of Process

The **clerk is directed** to update the docket to reflect that the defendants are Dr. Mitcheff, Dr. Perez, Ryan Schnarr, and Wexford Health Sources, Inc. The **clerk is directed** to **terminate** all other defendants from the docket.

The claims discussed in Part III are the only claims identified by the Court. If Mr. Rouzier believes he asserted claims in the complaint that the Court has not addressed, he shall have **through August 6, 2021**, to notify the Court.

The **clerk is directed** to issue process to the defendants. The complaint identifies the three individual defendants as Wexford employees. Wexford is **ORDERED** to provide the full name and last known address of any individual defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

**SO ORDERED.**

Date: 7/6/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RUSSELL ROUZIER
259392
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Dr. Michael Mitcheff
Medical Staff
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135

Dr. Perez
Medical Staff
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135

Ryan Schnarr
Medical Staff
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135

Electronic service to:

Wexford Health Sources, Inc.